■ In the Matter of the Claim of HARRY EPPINGER, Respondent, v DAWSON METAL COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 16, 1973, which held that the claimant had a 20% loss of use of the left leg attributable to an industrial accident sustained on December ˙22, 1970. It is established without dispute that the claimant in October of 1970 sustained a noncompensable injury to his left knee. His attending physician, Dr. Childress, found that the claimant had recovered from that injury on November 30, 1970. Thereafter, on December 22, 1970 the claimant admittedly sustained an industrial accident to his left knee. He was operated upon for the removal of the left knee's medial meniscus and it was found that he also had a partial tear of the anterior cruciate ligament. In April of 1972 the board's examining physician reported that the claimant suffered a 20% schedule loss of use in his left leg. The sole issue upon this

appeal is whether or not the testimony of claimant's attending physician contains substantial evidence to support the board's finding that the 20% loss of use resulted solely from the injury of December 22, 1970. In all of Dr. Childress' reports contained in this record, the claimant's left knee problems were attributed solely to the accident of December 22, 1970. When he first testified as to causal relationship on May 19, 1972, it was brought out that the claimant had suffered a prior injury to that knee on October 7, 1970. The doctor did not have the records relating to that prior injury with him and, accordingly, an adjourned hearing was held on June 30, 1972, at which time he was questioned in regard to the causal relationship of the October, 1970 injury to the conceded 20% permanent loss of use. He testified that when he had examined the claimant on November 30, 1970 he had found no remaining restrictions in the use of the claimant's knee and that it was then "pretty good". In his opinion, the surgery performed on the knee was probably caused by both the injuries of October, 1970 and December, 1970. He opined that the restrictions and use of the claimant's leg were a combination of both the October and December injuries. However, he went on to explain that what he meant was that the October injury "probably pre-disposed him to the injury on December 22nd." A fair reading of the doctor's testimony substantiates the board's finding that he did not directly implicate the October, 1970 accident as a causal factor in the subsequent permanent disability, but rather that the disability solely resulted from the December, 1970 accident. At most it was established that the October accident merely weakened the claimant's knee and that the actual damages which resulted in the 20% permanent loss of use was solely related to the incident of December 22, 1970. Accordingly, the medical evidence is not so weak or confusing as to undermine the finding of the board that the schedule loss should be charged solely against the December 22, 1970 accident. The decision is supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.